SAMUEL M. MARCUS, as Receiver in Proceedings Supplementary to Execution of the Property, Assets and Estate of JAMES J. KANE and EMIL KANE, Respondent, v. UNITED STATES CASUALTY COMPANY, Appellant.

First Department, February 3, 1928.

Insurance — liability insurance — action over by insured — interest allowable only from date of recovery of judgment against insured.

In an action over by an insured against the insurer, under a policy of liability insurance, interest on the amount of the recovery, the face of the policy, is allowable only from the date when the judgment was recovered against the insured by the injured person, where there is no evidence that prior to that date the insured incurred liability or expended money by reason of any default on the part of the insurer.

O'MALLEY, J., dissents, with memorandum.

APPEAL by the defendant from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 5th day of October, 1927.

*George F. Hickey* of counsel [*William Butler*, attorney], for the appellant.

*Harry J. Leffert* of counsel [*Cohen, Cole & Weiss*, attorneys], for the respondent.

PROSKAUER, J.  The defendant insured James J. Kane and Emil Kane in the sum of $5,000 against liability for damages to persons injured upon their premises by negligence.  John Borger, injured on the Kanes' premises on October 8, 1921, recovered in the District Court of the United States on August 27, 1925, a judgment in the sum of $12,000 against the insured.  Their insurer had refused to defend that action.  Plaintiff, as receiver in proceedings supplementary to execution of the property of the Kanes, brought this action in their right upon the policy and has recovered a judgment against the defendant insurer in the sum of $5,000, with interest from October 8, 1921, the date of Borger's injury.  The insurer contends that interest should have been allowed only from August 27, 1925, the date on which Borger recovered judgment against the insured.

We can see no basis for an allowance of interest to the plaintiff, computed from a time antedating the imposition upon him of any liability to pay money.  The reliance of respondent on *Matter of Empire State Surety Co.* (214 N. Y. 553, 563) is unwarranted. The question of interest was not before the court upon that appeal. The holding there was merely that the liability of an insurer ceased

to be contingent from the moment that it failed to perform its obligation to defend the suit brought against the assured. While section 480 of the Civil Practice Act (as amd. by Laws of 1927, chap. 623) commands that interest shall be added to a judgment, it does not specify the date from which it should be figured. The only damage proved in this case was the judgment rendered against the Kanes. There is no evidence that prior to the date of the rendition of that judgment they either incurred liability or expended money by reason of any default upon the part of this defendant. They receive complete relief, therefore, when they secure an award of interest running from the day upon which they first became obligated to make payment.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to correct the judgment granted to the extent of allowing interest from August 27, 1925, instead of from October 8, 1921.

DOWLING, P. J., MERRELL and FINCH, JJ., concur; O'MALLEY, J., dissents.

O'MALLEY, J. (dissenting). I dissent upon the authority of *Matter of Empire State Surety Co.* (214 N. Y. 553, 563), when considered in connection with section 480 of the Civil Practice Act (as amd. by Laws of 1927, chap. 623). (See, also, *Marcus* v. *Kane*, 18 F. [2d] 722, wherein it was held by the Circuit Court of Appeals in proceedings growing out of this litigation that the injured person, Borger, was a creditor of the tort feasor from the date of his injuries.)

Order reversed, with ten dollars costs and disbursements, and motion to correct judgment granted to the extent of allowing interest from August 27, 1925, instead of from October 8, 1921. Settle order on notice.